UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

VERONICA PEREZ                               CIVIL ACTION NO. 17-cv-1480

VERSUS                                       CHIEF JUDGE HICKS

LISA L. BACA, ET AL                          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Veronica Perez ("Plaintiff") filed this civil action in state court to recover damages from injuries allegedly suffered in a traffic accident. Plaintiff named three defendants: Lisa Baca, Schneider National Carriers, Inc., and XYZ Insurance Company. Schneider removed the case based on an assertion of diversity jurisdiction, which places the burden on Schneider to set forth specific facts that show that there is complete diversity of citizenship. The current notice of removal does not meet that burden.

Schneider alleges that Plaintiff is a citizen of Louisiana, which is consistent with allegations in the state court petition. Schneider alleges that it is a Nevada corporation with its principal place of business in Wisconsin. Schneider does not allege the citizenship of Lisa Baca. It contends that Baca's citizenship is not relevant because she had not been served at the time of removal.

Schneider cites a district court decision for the proposition that Baca's citizenship is irrelevant because she has not yet been served, but that decision discussed the relevance of an unserved defendant when the statutory forum-defendant rule is invoked by a plaintiff to

challenge removal. For purposes of subject matter jurisdiction, however, diversity is determined from the fact of citizenship of the parties named and not from the fact of service. New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 883 (5th Cir. 1998).[1]

Schneider will need to file an amended notice of removal by **December 4, 2017** and allege with specificity the state in which Baca was domiciled at the relevant times. When a case is removed, diversity of citizenship must exist both at the time of the state court filing and at the time of removal to federal court. Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996). Plaintiff's petition suggests that Baca is a citizen of Colorado. If she was a Colorado citizen at the relevant times, this should not pose an issue to removal.

Schneider may ignore XYZ Insurance Company because the citizenship of defendants sued under fictitious names shall be disregarded in determining whether a civil action is removable based on diversity. 28 U.S.C. § 1441(b). If Plaintiff later seeks to amend and add an actual insurer as a new defendant, the proposed pleading must specify the citizenship of the insurer. If it shares Louisiana citizenship with Plaintiff, the issue must be briefed under Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987).

---

[1] Deshotel explained: "Broussard's non-diverse citizenship cannot be ignored simply because he was an unserved defendant. A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant. Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of November, 2017.

                                          Mark L. Hornsby
                                        U.S. Magistrate Judge